UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
DONALD H. LOCHNER,              )
                                )   Bankruptcy No. 09-02558
        Debtor.                 )

**ORDER RE: MOTION TO RECONSIDER**

Debtor filed a Chapter 7 petition on September 3, 2009.  The Court dismissed the case on September 21, 2009 based on Debtor's failure to comply with 11 U.S.C. § 109(h)(1).  Specifically, Debtor had failed to file his Credit Counseling Certificate and payment advices as required under that statute.

On September 29, 2009, Debtor filed a Motion to Reconsider dismissal of the case, and also filed payment advices and a Credit Counseling Certificate.  The Certificate indicates that Debtor received credit counseling postpetition, on September 16, 2009.  U.S. Trustee filed a comment asserting that § 109(h)(1) requires that debtors receive credit counseling during the 180 days prepetition in order to be eligible to file a bankruptcy petition.  U.S. Trustee also questions whether the fee paid to Debtor's counsel should be surcharged if dismissal is not vacated.

Section 109(h)(1) states, in pertinent part:

[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

The credit counseling requirement is plain and mandatory. In re Hedquist, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006). Because § 109(h) is mandatory, "bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions."  Id.

(affirming dismissal where debtors failed to seek credit counseling prepetition and failed to prove exigent circumstances).  Unless a debtor satisfies the requirement of prepetition credit counseling or qualifies for the "exigent circumstances" exception, the debtor is not eligible for bankruptcy relief and the case must be dismissed.  In re Wallace, 338 B.R. 399, 408 (Bankr. E.D. Ark. 2006) (dismissing case where the debtor received credit counseling after she filed her bankruptcy petition.)

The Court dismissed this case based, in part, on Debtor's failure to file a Credit Counseling Certificate.  In response, Debtor filed a Certificate showing she received counseling postpetition.  On September 30, 2009, at 1:00 p.m., the Court entered an order granting Debtor's Motion to Reconsider and the case was reinstated.

This Order was entered without consideration of U.S. Trustee's Comment filed the same date at 11:32 a.m.  Hearing was set to determine whether the Order reinstating the case should be vacated based on the U.S. Trustee's Comment.  The Court is satisfied, after hearing, that sufficient exigent circumstances exist to satisfy § 109(h)(3) and Debtor's Motion to Reconsider the dismissal was properly granted.

**WHEREFORE**, Debtor's Motion to Reconsider the Court's Order dismissing the case under § 109(h) is properly GRANTED and this case will remain reinstated.

DATED AND ENTERED:
October 26, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2